# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADAM YOUNG,

    Plaintiff,

v.

LT. MICHAEL MEYERS, PATRICIA GOSS, and SHIKEYLA KYLES,

    Defendants.

Case No. 20-CV-1136-JPS

**ORDER**

    On May 11, 2022, Plaintiff Adam Young ("Young") filed his second amended complaint in accordance with the Court's May 5, 2022 order.[1] ECF No. 32. With his second amended complaint, Young included proof of service on Defendant Patricia Goss ("Goss"), ECF No. 33-1 at 1, and Lieutenant Michael Meyers ("Meyers"), ECF No. 33-1 at 2. He also included a receipt indicating that service had been ordered and was imminent on Defendant Shikeyla Kyles ("Kyles"). ECF No. 33-1 at 3. As of August 1, 2022, neither Goss, Meyers, nor Kyles had appeared in this matter. Thus, as the Court stated in its August 1, 2022, order, the Court was "left to ponder whether Young's service of process was deficient, or whether the defendants have defaulted." ECF No. 39 at 2–3.

    Accordingly, the Court referred Young to Federal Rule of Civil Procedure 55, which explains the two-step process to request entry of default and then move for default judgment. *Id.* at 3. The Court ordered

---

[1] Young filed his amended complaint on May 20, 2021, ECF No. 5, in response to the Court's May 3, 2021 screening order, ECF No. 4. The Court's May 3, 2021 screening order pertained to Young's original complaint, ECF No. 1.

Young to prepare a request for entry of default, and to serve his request via certified United States mail on Goss, Meyers, and Kyles, within twenty-one (21) days of the date of the August 1, 2022 order. *Id.* The Court further ordered Young to file the request for entry of default with the Court and include proof of service via certified United States mail with the filing. *Id.* Finally, the Court explicitly ordered, referring to the two-step process under the Federal Rules of Civil Procedure for default judgment, that:

> If Patricia Goss, Lieutenant Michael Meyers, and Shikeyla Kyles fail to appear within Twenty-One (21) days of their receipt of the request for entry of default, and fail to show good cause to set aside entry of any default that has been entered or file another appropriate responsive pleading, Young may then move for entry of default judgment, taking care to account for and prove up his damages under Federal Rule of Civil Procedure 55(b).

*Id.*

The Court was referring to the established rule that a request for entry of default is clerical in nature. Specifically, under the Federal Rules and in this District, when a party requests entry of default, the Clerk of Court automatically enters it, subject to either a later motion to set aside entry of default or a motion for default judgment. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks [through a motion for default judgment].") (citations omitted).

On August 8, 2022, Young filed his request for entry of default, including proof of service of the request on Goss, Meyers, and Kyles, as

Page 2 of 7
Case 2:20-cv-01136-JPS    Filed 09/06/22    Page 2 of 7    Document 47

ordered by the Court. ECF Nos. 40, 41. The Clerk's Office accordingly entered default. On August 12, 2022, Defendants Goss and Meyers[2] appeared solely to set aside entry of default, arguing that "[t]he Clerk's Office improperly entered default . . . [i]nstead of waiting for a responsive pleading," and that such action was "premature" and "fails to recognize that service was never properly effectuated." ECF No. 42 at 1. The Clerk's Office did not do so. The Court explicitly and clearly explained in its August 1, 2022 order that entry of default is the first step towards a default judgment; defendants have the opportunity to move to set aside that default once it is entered and prior to a plaintiff's motion for a default judgment. The Court does not take kindly to disparaging (and incorrect) assertions against the Clerk's Office.

Setting aside that the procedure was effectuated correctly, the Court turns to Goss's and Meyers's arguments regarding improper service. Goss and Meyers move to both set aside the entry of default and dismiss the lawsuit for lack of proper service. ECF No. 42 at 1. In support, Goss and Meyers explain that they were never served with the second amended complaint (ECF No. 33). *Id.* at 2. Instead, they were served with only Young's motion to amend the second amended complaint (presumably either ECF No. 21 or 31). Accordingly, Goss and Meyer accuse Young of engaging in a "bait and switch." *Id.* at 3.

The Court finds Goss's and Meyers's choice of language confounding. The lawyers that appeared for Goss and Meyers have been receiving CM/ECF notices regarding this lawsuit since August 2021 when they appeared for former defendant Shane Lewandowski. Moreover,

---

[2]Kyles has not yet appeared in any capacity.

Young represents that, in addition to filing his second amended complaint with the Court, he emailed it to Goss's and Meyers's counsel of record. ECF No. 45 at 1. Thus, counsel were aware of Young's attempts to serve their clients and the Court's orders to do so. Yet, they sat for months, waiting for—in their words—the Court to "realiz[e]" that they were not properly served. ECF No. 42 at 2. Finally, Goss and Meyers themselves were served via process server with the motion to amend, which should have placed them on notice of the lawsuit. *See, e.g.*, S*trabala v. Zhang*, 318 F.R.D. 81, 90 (N.D. Ill. 2016) ("[T]he requirement of formal service is not intended to provide a defendant who has actual knowledge that a lawsuit was filed against him with an excuse for ignoring service," and "[l]ooking at the record as a whole, the Court suspects that Defendants might have been trying to evade service," when they received a complaint by email but did not appear until the entry of default).

Nonetheless, Goss and Meyers argue that, at this juncture, they lack "actual notice" of Young's claims due to Young having served different documents on different individuals. ECF No. 46 at 5. Goss and Meyers also argue prejudice due to the time that has passed since Young filed this suit in 2020, and the repeated delays that Young has caused by seeking to amend his complaint (and then re-serve it) a year into the litigation. The Court, like Defendants, is at the end of its rope with extensions and delays in this case. However, while the case was filed in 2020, the amended complaint and filing fee were not submitted—and the case did not truly *begin*—until May 2021. Indeed, former defendant Shane Lewandowski did not appear until August 2021. ECF No. 7. While the sequence of events over the last few months is certainly frustrating, the Court attributes those delays

to both Young and Defendants, for the reasons explained in this Order.[3] The Court hopes that this Order will set the parties straight once and for all. So as to avoid any doubt, however, the Court will not consider any further extension requests.

For all these reasons, the Court finds good cause to set aside entry of default. On the same facts set forth herein, however, the Court also finds good cause to extend Young's time to serve the second amended complaint. Young explains that he sincerely believed the second amended complaint was included with the service packet he issued to and paid to be served by the Racine County Sheriff's Department. ECF No. 45 at 1. Young has consistently prosecuted his case; this is a clear case of mistake and not of neglect.

Young states that service was properly effectuated (including of the second amended complaint) on Kyles, but in an abundance of caution,[4] the Court will order Young to serve Kyles, Goss, and Meyers with the second amended complaint (ECF No. 33 on the docket) and summons forms, via process server, within thirty (30) days of the date of this Order. **Young must first request, by separate filing in this case, issuance of a summons from**

---

[3]By way of additional example, the Court notes that Goss and Meyers appear to have availed themselves of an extra three days to file their reply brief, which time is added when service is made my mail, despite their counsel having entered an appearance to receive service by electronic means. Fed. R. Civ. P. 6(d).

[4]It does not appear that Kyles was served with a summons, despite having been served with the second amended complaint. ECF No. 33, ECF No. 36. Goss and Meyers take issue with the fact that Young's affidavit of service of Kyles was filed on June 2, 2022, which postdates the Court's deadline of May 26, 2022 for proof of service. ECF No. 46 at 5. However, Young filed within the Court's deadline (on May 11, 2022) proof that service had been ordered, paid for, and was imminent, which the Court considers sufficient, particularly as Young proceeds pro se.

Page 5 of 7
Case 2:20-cv-01136-JPS    Filed 09/06/22    Page 5 of 7    Document 47

**the Clerk's Office as to Kyles, Goss, and Meyers and then must include the summons forms issued by the Clerk's Office with the second amended complaint when he serves it**. Fed. R. Civ. P. 4(b)–(c). Young must also file **correct** proof of such service on the docket within thirty-five (35) days of the date of this Order.

Once the Court receives **correct** proof of service, the Court will enter an amended trial scheduling order, in order that this case proceed expeditiously towards resolution. No further extensions of time of the service deadline, or amendments of Young's second amended complaint, will be permitted. If incorrect proof of service is received again, the case will be dismissed without prejudice. *Easley v. YMCA of Metro Milwaukee*, No. 07-CV-362, 2009 WL 10709794, at *1 (E.D. Wis. May 14, 2009) ("While a pro se litigant will benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.") (citations omitted). In other words, this is Young's last chance to "get it right."

Accordingly,

**IT IS ORDERED** that Defendants Patricia Goss and Lieutenant Michael Meyers's motion to set aside entry of default, ECF No. 42, be and the same is hereby **GRANTED** and the Clerk of Court is **DIRECTED** to set aside the entry of default;

**IT IS FURTHER ORDERED** that Defendants Patricia Goss and Lieutenant Michael Meyers's motion to dismiss based on improper service, ECF No. 42, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Young request, by separate filing in this case, issuance of summons as to Defendants Patricia Goss,

Lieutenant Michael Meyers, and Shikeyla Kyles, and then serve the issued summons forms and second amended complaint (which is ECF No. 33 on the docket) on Defendants Patricia Goss, Lieutenant Michael Meyers, and Shikeyla Kyles, by process server, within thirty (30) days of the date of this Order; and Young must also file **correct** proof of service within thirty-five (35) days of the date of this Order; and

**IT IS FURTHER ORDERED** that no further extensions of time of the service deadline, or amendments of Plaintiff Adam Young's second amended complaint, will be permitted.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge