# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADAM YOUNG,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHAEL MAYER, PATRICIA GOSS, and SHIKEYLA KYLES,<br><br>                    Defendants. | Case No. 20-CV-1136-JPS<br><br><br>**ORDER** |

On October 27, 2022, the Court issued its pretrial order, in which it instructed that

> Should any defendant contemplate filing a motion to dismiss, or any motion under Rule 12, the parties must meet and confer before the motion is filed. The defendant(s) should take care to explain the reasons why they intend to move to dismiss the complaint and/or file their Rule 12 motion, and the plaintiff(s) should strongly consider filing an amended complaint.
>
> In addressing substantive motions to dismiss, or any motions under Rule 12, the Court will consider only the facts as they appear in the complaint or other pleadings, as applicable; therefore, the parties should omit a facts section from their briefing. The parties must also submit agreed-upon proposed jury instructions detailing the elements of each claim and defense. The proposed jury instructions must be tailored to the facts, edited, and formatted exactly as the parties would expect that they be delivered to a jury; form-book citations are not acceptable substitutes. The proposed jury instructions should be submitted as a separate filing. This exercise will help the parties identify any deficiencies in the complaint and provide an excellent blueprint for completion of relevant, narrowly tailored, discovery.

> In their briefing, the parties should refer to the proposed jury instructions to guide the Court through the relevant facts. Regrettably, all too often in today's world, pleadings and associated discovery have been relegated to little more than obfuscation masquerading as a stream of consciousness.

ECF No. 57 at 2–3.

On December 21, 2022, Defendant Shikeyla Kyles ("Kyles") filed a Rule 12(c) motion for judgment on the pleadings. ECF No. 63. However, Kyles does not certify that she met and conferred with Plaintiff prior to submitting her motion, and otherwise does not comply with these directives. Accordingly, the Court will deny Kyles's motion for judgment on the pleadings without prejudice. Kyles may refile her motion in compliance with the Court's pretrial order, ECF No. 57.

Accordingly,

**IT IS ORDERED** that Defendant Shikeyla Kyles's motion for judgment on the pleadings, ECF No. 63, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2022.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge