IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ADAM N. YOUNG,

    Plaintiff,

    v.                          Case No. 20-CV-1136

MICHAEL MAYER, PATRICIA GOSS
AND SHIKEYLA KYLES,

    Defendants.

## STATE DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

This case centers on Adam Young's escape from Kenosha Correctional Center (KCC) on July 31, 2017 and his subsequent transfer to Racine Correctional Institution. Following the escape, which involved Young and two other inmates walking off the worksite, Young was issued a conduct report, which he appealed. A major disciplinary hearing was conducted on August 20, 2017. Based on an email exchange between RCI Lieutenant Michael Mayer and KCC Captain Patricia Goss, Young has brought suit alleging that his right to due process was violated by Mayer serving on the disciplinary committee that affirmed the charge. However, as discussed below, the evidence is insufficient to establish that Mayer acted with bias, or that this prejudiced the hearing outcome. Young's additional claims should be dismissed on various grounds, including a failure to file a notice of claim supporting a state law negligence suit.

## FACTUAL BACKGROUND

Pursuant to the Court's February 17, 2023 Order (dkt. 80), State Defendants are limited to the Parties' joint stipulated and itemized disputed facts (dkt. 79-4:1-5.) A stand-alone version of this document follows this brief at the Court's direction.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment when the nonmoving party has failed to make a sufficient showing on an element on which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## ARGUMENT

Construing the *pro se* amended complaint liberally, several possible claims may be discerned, including a state law negligence claim; a First Amendment access to courts claim; an Eighth Amendment conditions of confinement claim; and a Fourteenth Amendment due process claim. For the reasons discussed below, summary judgment is appropriate for each claim.

I. **Young's state law negligence claim must be dismissed because he failed to meet the jurisdictional prerequisites imposed by Wisconsin's notice of claim statute.**

The Amended Complaint appears to assert a state law negligence claim based on allegations that KCC's work release coordinator[1] "created the work schedule that

---

[1] There is a dispute as to who created the work schedule. However, the dispute is immaterial because a jurisdictional defect necessitates dismissal regardless of who authored the work schedule. (Itemized Disputed Facts no. 20, dkt. 79-4:4.)

caused [him] to be dropped off at a closed worksite" which led to him and two other inmates "to walk five miles from the closed worksite[.]" (Dkt. 33:1.) Young contends that Kyles (or someone else at KCC) negligently created a work schedule that erroneously indicated that he was scheduled to work on a particular day. (*See id.*) However, as a jurisdictional requirement to bringing a state law negligence claim in federal court, a plaintiff must first file a notice of claim. Young did not do so here, and the negligence claim must be dismissed for that reason.

Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82, requires that litigants give timely written notice to the attorney general as a condition precedent to bringing civil suit against a state officer, employee, or agent. *See* [1] *Ibrahim v. Samore*, 118 Wis. 2d 720, 726, 348 N.W.2d 554 (1984) (quotation omitted). The failure to give notice that "strictly complies" with the notice of claim statute "is a jurisdictional defect." [2] *Estate of Hopgood ex rel. Turner v. Boyd*, 2013 WI 1, ¶ 20 n.11, 345 Wis. 2d 65, 825 N.W.2d 273 (citation omitted). Because it is jurisdictional, a plaintiff's failure to comply with the notice of claim statute is fatal to his claim. [3] *Riccitelli v. Broekhuizen*, 227 Wis. 2d 100, 116, 595 N.W.2d 392 (1999).

Young has not shown, and cannot show, that he strictly complied with § 893.82 in that he never filed a notice of claim before filing this lawsuit. (Itemized Disputed Fact no. 19, dkt. 79-4:4.) Therefore, any and all negligence claims must be dismissed for lack of jurisdiction.

II. **Young has not shown, and cannot show, that his First Amendment rights were violated.**

The First Amendment prohibits Congress from making law "respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the

freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Presumably, Young intends to allege a violation of the redress of grievances clause. (*See dkt*. 33:1.) The redress of grievances clause guarantees prisoners a right of access to the courts. [1] *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

To proceed on a right of access claim, however, Young must establish both an underlying cause of action (without which he cannot have suffered injury by being shut out of court) and official acts frustrating litigation. [2] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id*. at 415.

Here, nothing in the record meets either requirement for an access to courts claim. (*See* dkt. 33; Joint Stipulated Facts nos. 16-18, dkt. 79-4, 3.) First, as discussed in greater detail below, Young as not identified a "nonfrivolous," "arguable" underlying claim to be vindicated. *Lewis*, 518 U.S. at 353. Second, even the most generous reading of his complaint or stipulated facts reveals no allegation that prison officials prevented him from litigating any such claim. At most, he disagreed with the administrative decisions that were predicate to him filing suit under Wis. Stats. §§ 801.02(1) and (5). Therefore, he has not pled the essential elements of an access to the courts claim.

**III. Young has shown neither that his conditions of confinement were objectively serious, nor that prison officials subjectively knew of but disregarded the potential harm.**

Young asserts an Eighth Amendment conditions of confinement claim based on the fact that "Young and two other inmates [were] dropped off at a closed worksite" and "walked five miles from the closed worksite…back to KCC[.]" (Joint Stipulated Fact nos. 6-7, dkt. 79:4; *see* dkt. 33:1.) To prevail on such a claim, a plaintiff must establish both that "the conditions of confinement were objectively serious, such as they deprive inmates of the minimal civilized measure of life's necessities," and that Defendants subjectively "knew about, but failed to take reasonable measures to prevent the potential harm of the condition." [1] *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981) (quotation omitted).

Here, Young alleges that Lieutenant Mayer and Captain Goss "acted with deliberate indifference in reference to the work schedule created by work release coordinator Kyles." (Dkt. 33:1.) According to the amended complaint, the work schedule "was used as the vehicle that facilitated the availability of the defendants Goss and Meyers [sic] to interfere with rights entitled to the Plaintiff under the…[E]ighth Amendment[.]" (*Id.*) It is unclear, based on these allegations, what Mayer and Goss's involvement with the work schedule was, if any, or how their actions violated the Eight Amendment.[2] [2] *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a

---

[2] In earlier, nonoperative pleadings, Young alleged that Lieutenant Lewandowski created the work schedule. (*See* dkt. 5:1 ("The work release coordinator Sgt. Lewandowski for (KCC) Kenosha Correctional Center created and posted a work schedule on 07/29/17, that assigned [Young] to attend work at Arvato located at 11500 80th Ave. Pleasant Prairie WI.").) However, Young subsequently moved to dismiss Lewandowski (dkt. 24, 30), and the Court issued an order dismissing Lewandowski and granting Young leave to amend on May 5, 2022. (Dkt. 32.)

constitutional deprivation.").

Still, even if his allegations were sufficient to show that Mayer or Goss's actions caused him to walk five miles, his claim fails because he can show no "evidence of a recoverable injury." [3] *Lord v. Beahm*, 952 F.3d 902, 905 (2020) (citation omitted) ("Section 1983 is a tort [and] [a] tort to be actionable requires injury."). To survive summary judgment, Young must show the Court admissible evidence that he suffered "extreme deprivations" of "the minimal civilized measure of life's necessities," [4] *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), rather than mere "temporary inconveniences and discomforts." [5] *Adams v. Pate*, 455 F.2d 105, 108 (7th Cir. 1971).

Young does not allege that he suffered any sort of physical injury whatsoever. (*See* Joint Stipulated Facts nos. 7-8, dkt 79-4:2.) Nor does he assert that once he returned to KCC he required, or sought, medical attention. (*Id.*) [6] *See Henry v. Deshler*, Case No. 20-2185, 2021 WL 2838400 at 2 (7th Cir. July 8, 2021) (finding no actionable injury where the inmate's condition was not "more serious or lasting than the minor cuts at issue in *Lord*, given that "no signs of medical distress were perceived, and no medical treatment was required."). While Young may have found a five-mile walk to be "harsh and uncomfortable," it amounted to the sort of relatively minor concern that has not been found to be sufficiently serious as to incur damages. [7] *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citation omitted).

## IV. The due process claim should be dismissed because Young cannot show that Mayer was impermissibly biased in serving on Young's major disciplinary hearing committee.

Young claims that Mayer and Goss's "complicit acts of involvement" interfered with Young's "due process rights[.]" (Dkt. 33:1.) Specifically, he alleges that "emails

between Captain Goss and LT. Meyer [sic] demonstrates" in which Goss "emailed LT. Mayer instructing him of her demands for the handling of the Plaintiff's Adam Young's due process hearing." (*Id.*) The email in question, sent by Goss to Mayer several days ahead of his major disciplinary hearing, stated as follows:

> Mayer, Please hear the two conduct reports I sent to RCI, I had to leave town suddenly because my daughter is having her baby and the 21 days are coming up for these reports. I want them both to get 60 DS…if you don't know what to do, please ask Tom for help but I know you got me. (Joint Stipulated Fact no. 10, dkt. 79-4:2.)

Mayer responded, in relevant part: "Taken care of." (Joint Stipulated Fact no. 11, dkt. 79-4:2.)

According to Young, this violated the Fourteenth Amendment "by denying him a fair and impartial due process hearing." (Dkt. 33:1) Ultimately, Young claims that these actions resulted in the loss of "any opportunity to participate in community programs as [Young] was labeled an escapee." (*Id.*) Summary judgment should be granted, however, because Young cannot prove that the process he was afforded in his prison disciplinary proceeding were constitutionally deficient. *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007).

"In the prison disciplinary context, due process requires only that the prisoner receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation for the discipline that is supported by 'some evidence' in the record." (citation omitted). Young apparently challenges Mayer's impartiality based on the above-referenced email exchange, since Mayer served on the hearing committee that subsequently heard Young's appeal of the conduct report. (Joint Proposed Fact no.

7

Case 2:20-cv-01136-JPS    Filed 02/17/23    Page 7 of 11    Document 82

12, dkt. 79-4:2.)

Due process requires the recusal of a decisionmaker only where he has a direct, personal, or otherwise substantial, involvement in the circumstances underlying the issue being reviewed." *Redding v. Fairman*, 717 F.2d 1105, 113 (7th Cir. 1983); *see also* Wis. Admin. Code § DOC 303.82(2) (A neutral decisionmaker must have no "substantial involvement in an incident, which is the subject of a hearing."). "Adjudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (2003).

Young cannot clear that high bar. First, there is nothing in the record to show that Mayer or Goss had "substantial involvement" in the escape for which Young was charged and found guilty. Second, Goss's email to Mayer—"I want them both to get 60 DS"—shows only that the recommended *disposition* was a penalty of 60 days of disciplinary separation. That is because Goss's recommended disposition is consistent with the Schedule of Penalties provided by Wis. Admin. Code ch. DOC § 303.72(2), Table DOC 303.72, which sets a maximum penalty of 360 days of disciplinary separation for an offense of escape. Relatedly, even when drawing inferences in Young's favor, nothing in Goss's email could show that she expressed a preference for *Young's work privileges to be revoked*, only that the recommended penalty was 60 days. Third, Young cannot show that Goss's email in fact prejudiced him. *See Piggie*, 342 F.3d at 666. That is, he cannot show that he would not have been found guilty of escape had it not been for Goss's email. *See id.* For these reasons, Young cannot show

a lack of due process and this claim should be dismissed.

## V. Defendants Mayer and Goss are entitled to qualified immunity on the federal claims.

Government officials performing discretionary functions are shielded from damage liability insofar as their conduct does not violate clearly established statutory or constitutional rights. [1] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity defense "gives public officials the benefit of legal doubt." [2] *Elliot v. Thomas*, 937 F.2d 338, 341 (7th Cir. 1991). All but the "plainly incompetent" officials are protected. [3] *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Although qualified immunity is an affirmative defense, the plaintiff has the burden of demonstrating that the defendant's error was clearly established. [4] *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *rev'd on other grounds by* [5] *Pearson v. Callahan*, 555 U.S. 223 (2009).

The issue of qualified immunity is a question of law. [6] *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (*per curiam*). It is no longer mandatory to "decide whether the facts that a plaintiff has alleged…make out a violation of a constitutional right" in the qualified immunity analysis. *Pearson*, 555 U.S. at 236-42. Instead, a court may go directly to the question of "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id*. In fact, *Pearson* "detailed a range of circumstances in which courts should address only the immunity question." [7] *Camreta v. Greene*, 131 S. Ct. 2020, 2032 (2011) (citing *Pearson*, 555 U.S. at 236-42). "In n general, courts should think hard, and then think hard again, before turning small cases into large ones." *Camreta*, 131 S. Ct. at 2032.

A factual dispute does not require denial of the defense. Qualified immunity may be available to a defendant "even if the existence of disputed issues of fact precludes a grant of summary judgment on the merits." [7] *Green v. Carlson*, 826 F.2d 647, 652 n.4 (7th Cir. 1987). The *Harlow* rule rejects an inquiry into state of mind in favor of a wholly objective standard. [9] *Davis v. Scherer*, 468 U.S. at 191. Thus, an allegation of malice does not defeat immunity if the defendant acted in an objectively reasonable manner. [10] *Malley*, 475 U.S. at 341.

Accordingly, Young he must show that it was clear to someone in Mayer and Goss's position that a someone other than the hearing officer recommending a particular disposition for a given offense—a disposition that fit within applicable disciplinary guidelines—would violate an inmate's right to due process. Young can make no such showing.

## CONCLUSION

For the reasons discussed above, Defendants Mayer and Goss request that their motion for summary judgment be granted, that judgment be entered on their behalf, and that this action be dismissed with prejudice.

Dated February 17, 2023.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Jenifer M. Bizzotto
JENIFER M. BIZZOTTO
Assistant Attorney General
State Bar No. 1101341

KEVIN L. GRZEBIELSKI
Assistant Attorney General
State Bar No. 1098414

MELISSA R. SCHALLER
Assistant Attorney General
State Bar No. 1061205

Attorneys for Defendants Goss and Mayer.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0180 (Bizzotto)
(608) 266-7234 (Grzebielski)
(608) 266-1684 (Schaller)
(608) 294-2907 (Fax)
bizzottojm@doj.state.wi.us
grzebielskikl@doj.state.wi.us
schallermr@doj.state.wi.us