IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ADAM N. YOUNG,

    Plaintiff,

v.                        Case No. 20-CV-1136

MICHAEL MAYER, PATRICIA GOSS
AND SHIKEYLA KYLES,

    Defendants.

## STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Adam Young proceeds on claims based on events which occurred during and after his escape from Kenosha Correctional Center in 2017. Due to an error on Young's work release schedule, he and two other inmates were dropped off at a closed work site, which they then left on foot. Following a disciplinary hearing, Young was found guilty of escape and a given a disposition of 60 days in disciplinary separation. Defendants Mayer and Goss filed for summary judgment (dkt. 81-83), requesting that Young's claims be dismissed because the evidence is insufficient to establish constitutional violations or state law negligence. In his response, Young (dkt. 93) failed to cite admissible evidence sufficient to raise a dispute of material fact. As a result, Defendants' motion should be granted and Young's claims dismissed.

## STANDARD OF REVIEW

Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson*

*v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*. Once a party has made a properly supported motion for summary judgment, the nonmoving party may not simply rest upon the pleadings, but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant may not rest upon mere allegations or self-serving denials. *Celotex v. Catrett*, 477 U.S. 317 (1986). The subjective beliefs of the non-movant are not sufficient to create a genuine issue of material fact. *McMillan v. Svetanoff*, 878 F.2d 186, 191 (7th Cir. 1989).

## ARGUMENT

As an initial matter, Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment (dkt. 93) fails to provide proper citations to factual material in the record and summary judgment should be granted because Defendants Mayer and Goss have shown they are entitled to it. Fed. R. Civ. P. 56(e)(3). In addition, with his brief, Plaintiff submitted additional facts and exhibits beyond those which the Court has allowed. (*See* dkt. 80.) As they do not comply with the Court's Order, these additional facts and exhibits should not be considered in opposition to summary judgment.

**I. Young's negligence claim must be dismissed because he has not produced, and cannot produce, evidence showing that he complied with the applicable notice of claim statute.**

In his response, Young has in no way opposed State Defendants' contention that he failed to comply with the applicable notice of claim statute. (*See* dkt. 93.) Therefore, any negligence claim he seeks to bring must be dismissed for want of

2

Case 2:20-cv-01136-JPS   Filed 03/20/23   Page 2 of 8   Document 95

jurisdiction. Wis. Stat. § 893.82 requires that litigants give timely written notice to the attorney general prior to bringing civil suit against a state employee. Failure to give notice that "strictly complies" with the statute "is a jurisdictional defect." *Estate of Hopgood ex rel. Turner v. Boyd*, 2013 WI 1, ¶ 20 n.11, 345 Wis. 2d 65 (citation omitted). However, to oppose summary judgment, Young may not simply rest on a mere allegation that he complied with the statute.[1] *See Celotex*, 477 U.S. at 324. His failure to "set forth specific facts showing that there is a genuine issue for trial"—namely, whether he filed a notice of claim strictly complaint with § 893.82—necessitates dismissal of his negligence claim. Fed. R. Civ. P. 56(e).

Should the Court reach Young's negligence claim on the merits, dismissal remains appropriate. Young argues that his "work release privileges were suspended after the Defendant Shikeyla Kyles failed to adequately investigate whether the work site the Plaintiff was taken to on July 30, 2017 was in fact operating as required by DAI policy 324.00.01 VI. Transportation." (Dkt. 93:1.) But this assertion is not supported by admissible factual support and thus should not be considered in opposing summary judgment. *See Celotex*, 477 U.S. at 322.

II. **The sole fact supporting Young's due process claim—an email sent from the initial disciplinary panel member to her successor recommending 60 days disciplinary separation for escape—is insufficient to carry the claim to trial.**

Young alleges a due process violation under the Fourteenth Amendment based entirely on his allegation that "four days prior to [his major disciplinary] hearing

---

[1] Young has refused to stipulate that he did not file a notice of claim. (*See* Itemized Disputed Fact no. 20, dkt. 83:4.)

Captain Goss emailed defendant Mayers [sic]…requesting that he handle the Plaintiff's hearing and directed him to give the Plaintiff 60 days DS." (Dkt. 93:2.)[2] No reasonable factfinder could conclude that this email compromised Mayer's ability to serve as a neutral decisionmaker in the hearing. *See* Wis. Admin. Code ch. DOC § 303.82(2) (A neutral decisionmaker must have no "substantial involvement in an incident, which is the subject of a hearing.").

Most significantly, nothing in the email demonstrates that either Goss or Mayer were "substantially involved" in the escape for which Young was found guilty. Relatedly, according to that exchange, Goss was initially positioned to serve on the hearing panel. That Goss communicated a recommended disposition to her successor does not show bias—it shows one disinterested decisionmaker passing a case to another. And, even further, Goss's email does not indicate that Young's work privileges should be revoked, only that he receive 60 days of disciplinary separation. Thus, no reasonable read of the email could show that Goss instigated the revocation of Young's work privileges by sidestepping due process. Meanwhile, Young does not appear to be disputing the 60 days of disciplinary separation.

Lastly, Young acknowledges that due process in inmate disciplinary proceedings requires only that "some evidence" exist in the record that could support the finding of guilt and resultant disciplinary action. (Dkt. 93:3 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *see also Scruggs v. Jordan*, 483 F.3d

---

[2] According to Young, "[e]qual protection forces a state to govern impartially—not draw distinctions between individuals solely on differences that are irrelevant to a legitimate governmental objective." (Dkt. 93:3.) However, he does not cite specific admissible facts showing that he was treated differently nor on what basis.

934, 941 (7th Cir. 2007).) Young does not challenge that he walked off of the closed job site and attempted to walk back to Kenosha Correctional Center (KCC). (Dkt. 83:2, ¶ 8.) Whatever extenuating circumstances there may have been, there can be no reasonable dispute that there was "some evidence" of escape, as defined by Wis. Admin. Code ch. DOC § 303.26(1)(e). ("An inmate who does any of the following without permission is guilty of escape: Leaves a work or study release site."). Consequently, Young's claim that "Goss and Mayer…circumvented Plaintiff's reliability of due process outcomes" by discussing the recommended disposition prior to his disciplinary hearing fails as a matter of law. (Dkt. 93:3.)

### III. Young's conditions of confinement claims fails because he has produced facts showing neither subjective deliberate indifference nor that he suffered a recoverable injury.

In his response materials, Young argues in conclusory fashion that, "after [he] was stranded on his day off from work, while in a protected act [he] was subjected to cruel and unusual punishment in retaliation[.]" (Dkt. 93:2.) As in other filings, however, he does not identify specific facts sufficient to support the conclusion. The record remains devoid of any indication that, on the subjective side, that Defendants acted with a culpable state of mind. Under the objective prong, there is nothing in the record to support a finding that Young suffered serious or lasting physical injury as a result of his five-mile walk. *See Lord v. Beahm*, 952 F.3d 902, 905 (2020). Given that he has satisfied neither the subjective nor objective components to a claim of deliberate indifference, this claim also fails as a matter of law. *See Rhodes v. Chapman*, 452 U.S. 337, 345 (1981) (quotation omitted).

## IV. Young has abandoned his First Amendment access to courts claim.

In his response materials opposing summary judgment, Young makes no mention of an access to courts claim. He discusses neither an underlying cause of action that he was prevented from bringing nor what official acts frustrated litigation of said cause of action. *See Lewis v. Casey*, 518 U.S. 343, 351-51 (1996). His sole reference of anything close to implicating the First Amendment is a conclusory statement that "after [he] was stranded on his day off from work, while in a protected act the Plaintiff was subjected to cruel and unusual punishment in retaliation[.]" (Dkt. 93:2.) However, he does not identify the putative protected act, nor what retaliatory action he alleges the Defendants took against him. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

## V. Young has not met his burden to demonstrate that Mayer and Goss's conduct violated clearly established Young's constitutional right to due process.

In their brief-in-chief, Defendants Goss and Mayer invoked the qualified immunity defense. (Dkt. 82:9.) Once raised, the burden shifts the plaintiff to demonstrate that the defendant's error was clearly established. *Pearson v Callahan*, 555 U.S. 223 (2009). Young has cited no cases in support of the proposition that a prison official recommending a certain disposition for a given offense prior to the plaintiff's disciplinary hearing violates due process.

What cases Young does cite do not demonstrate that Goss and Mayer's actions clearly violated established due process law. Most significantly, Young cites *Jackson v. Buchler* in support of the proposition that Goss violated the Fourteenth

6

Case 2:20-cv-01136-JPS    Filed 03/20/23    Page 6 of 8    Document 95

Amendment by "email[ing] Mayers [sic] on Aug. 16th[,] requesting that he handle the Plaintiff's hearing and direct[ing] him to give the Plaintiff 60 days DS." 330 Wis. 2d 279 (2010). However, *Jackson* involved a prison official conducting the plaintiff's disciplinary hearing where that official had been among the officers who investigated the underlying incident. *Id.* at ¶ 20. This case is distinguishable from Young's because Goss and Mayer were not involved in investigating the escape before they were selected to conduct his disciplinary hearing.

The second case on which *Young* relies, *Parratt v. Taylor*, 451 U.S. 527 (1908), was subsequently overruled by *Daniels v. Williams*, 474 U.S. 327 (1986). *Daniels* held that the "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." 474 U.S. at 540-41. Far from supporting Young's arguments, *Daniels* vindicates the allegedly negligent creation of the work schedule at the center of this case. Therefore, in the absence of a showing that Defendants' conduct violated clearly established notions of due process, they are entitled to summary judgment on qualified immunity grounds.

## CONCLUSION

For the reasons discussed above, and those stated on State Defendants' principal brief, Defendants Goss and Mayer are entitled to summary judgment, and Plaintiff's claims against them should be against in full and with prejudice.

Dated March 20, 2023.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Jenifer M. Bizzotto
JENIFER M. BIZZOTTO
Assistant Attorney General
State Bar No. 1101341

KEVIN L. GRZEBIELSKI
Assistant Attorney General
State Bar No. 1098414

MELISSA R. SCHALLER
Assistant Attorney General
State Bar No. 1061205

Attorneys for Defendants Goss and Mayer.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0180 (Bizzotto)
(608) 266-7234 (Grzebielski)
(608) 266-1684 (Schaller)
(608) 294-2907 (Fax)
bizzottojm@doj.state.wi.us
grzebielskikl@doj.state.wi.us
schallermr@doj.state.wi.us